# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DIANNE KHAN,**
        **Plaintiff,**

      v.                                         Case No. 14-C-0285

**UNITED STATES OF AMERICA,**
**UNITED STATES MARSHALS SERVICE, and**
**JOHN DOE,**
        **Defendants.**

## DECISION AND ORDER

Dianne Khan, proceeding pro se, alleges that on March 2, 2006, she was deprived of her rights under the Fourth Amendment during the course of her arrest by the United States Marshals Service. She has sued the United States, the United States Marshals Service, and an individual defendant identified only as "John Doe." These defendants have filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), in which they argue that the plaintiff's claims are barred by the statute of limitations.

Initially, I note that the statute of limitations is an affirmative defense, and that because a plaintiff is not required to plead around affirmative defenses, it is normally inappropriate to dismiss a complaint on the basis of the statute of limitations. See, e.g., Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir. 2004). However, when the plaintiff pleads herself out of court by admitting all the elements of an affirmative defense in the complaint, the complaint may be dismissed on the basis of that defense. Id. As I will explain below, in the present case the plaintiff has pleaded facts showing that

her claims are barred by the statute of limitations. Accordingly, dismissal under Rule 12(b)(6) is appropriate.

The only conceivable basis for the plaintiff's suit against the United States or the Marshals Service is the Federal Tort Claims Act ("FTCA"). A claim under the FTCA is time-barred unless it is presented in writing to the appropriate federal agency (here, the Marshals Service) within two years after the claim accrues. 28 U.S.C. § 2401(b). The plaintiff attached to her complaint a document showing that she did not present her claim to the Marshals Service until August 15, 2013, well more than two years after her claim accrued on March 2, 2006. See Compl. Ex. 3. Accordingly, the plaintiff has pleaded herself out of court on any claim against the United States or the Marshals Service.

The plaintiff's remaining claim, which is against an individual member (or possibly members) of the Marshals Service, is cognizable under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). The statute of limitations for a Bivens action is determined by the statute of limitations for personal-injury actions in the state where the incident forming the basis of the claim occurred. King v. One Unknown Fed. Corr. Officer, 201 F.3d 910, 913 (7th Cir. 2000). In the present case, the complaint alleges that Khan's arrest occurred in Wisconsin, see Compl. p. 3, and in that state the statute of limitations for personal-injury actions is six years. See Malone v. Corr. Corp. of Am., 553 F.3d 540, 542 (7th Cir. 2009). As noted, the arrest occurred on March 2, 2006, and the complaint in the present case was not filed until more than eight years later, on March 14, 2014. Accordingly, the plaintiff's Bivens claim is time-barred.

For the reasons stated, **IT IS ORDERED** that the defendants' motion to dismiss the complaint is **GRANTED**. This action is dismissed with prejudice, and the Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin this 18th day of September, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge